Filed 8/27/25  P. v. Marshall CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F088526 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F21903555) |
| LAMAR DESEAN MARSHALL, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Samuel Dalesandro, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Levy, J. and Snauffer, J.

Appointed counsel for appellant Lamar Desean Marshall asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief setting forth the case's relevant facts.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

Following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In June 2021, appellant was charged in a first amended complaint with one count of felony carrying a loaded firearm in public and one count of felony concealing a firearm in a vehicle, both with an enhancement asserting appellant was not the registered owner of the firearm and the firearm was loaded or near ammunition. Appellant pleaded no contest to the charge of carrying a loaded firearm in public and admitted the enhancement. In exchange, the other charge was dropped and the parties agreed to a 16-month suspended sentence, with the expectation the charge would be converted to a misdemeanor if appellant successfully completed probation. Conditions of probation included obeying all laws and maintaining contact with probation.

In March 2023, appellant admitted violating probation by failing to obey all laws based on his arrest in another incident and failing to maintain contact with probation. Appellant was sentenced to 90 days in the county jail and reinstated on probation. In June 2024, appellant's probation was revoked based on his arrest in a third incident and his failure to maintain contact with probation. In July 2024, appellant admitted a second probation violation based on his failure to maintain contact with probation. Based on this admission, the trial court denied reinstatement of probation, sentenced appellant to his

2.

original 16-month sentence, granted appellant 331 days credit for time served, and lifted the prior stay on related fines.

This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## **DISPOSITION**

The judgment is affirmed.